IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CAUSE NO. 1:14CV224-LG-JCG |
| DAWN PROPERTIES, INC.; SOUTHERN CROSS CONSTRUCTION COMPANY, INC.; RIDGELAND CONSTRUCTION ONE, LLC; THE BEACH CLUB, LLC; THE BEACH CLUB II, LLC; THE BELMONT OF LAMAR, LLC; GRAND BISCAYNE APTS., LLC; SEAINN, LLC | DEFENDANTS/ THIRD-PARTY PLAINTIFFS |
| AND | |
| SUMMER MISS, LLC; 14510 LEMONYE BOULEVARD, LLC; LEXINGTON MILL MISSISSIPPI OWNER, LLC; INN BY THE SEA HOME OWNERS ASSOCIATION, INC. | RULE 19 DEFENDANTS |
| V. | |
| GREG STEWART; NOSIDAM, LLC, D/B/A MADISON HOMES; GERALD JAMES HOPKINS; HARRY BAKER SMITH ARCHITECTS II, LLC; DRACE CONSTRUCTION CORP.; CITY OF RIDGELAND, MISSISSIPPI; CITY OF LONG BEACH MISSISSIPPI; CITY OF HATTIESBURG, MISSISSIPPI; JACKSON COUNTY, MISSISSIPPI; HARRISON COUNTY, MISSISSIPPI; and JOHN DOES 1-100 | THIRD-PARTY DEFENDANTS |

**ORDER DENYING MOTION TO DISMISS FILED BY DEFENDANT
RIDGELAND CONSTRUCTION ONE, LLC**

BEFORE THE COURT is the [49] Motion to Dismiss filed by Defendant

Ridgeland Construction One, LLC ("Ridgeland"). The United States filed a Response in Opposition to the Motion, to which Ridgeland filed a Reply. Third-party Defendant City of Ridgeland, Mississippi, also filed a Response to Ridgeland's Motion. The Court has considered the submissions of the parties and the applicable law and finds that Ridgeland's Motion should be denied because the claims against it were foreseeable at the time of its dissolution.

## BACKGROUND

The United States filed this action against multiple defendant owners, developers, and builders of several local residential apartment complexes, including The Lexington apartment complex in Ridgeland, Mississippi. The United States alleges that the defendants violated the Fair Housing Act (FHA) and the Americans with Disabilities Act (ADA). It seeks to hold Ridgeland liable since Ridgeland "was an owner and/or developer of The Lexington and participated in the design and construction of the complex." (Compl. 4 (¶11), ECF No. 1).

Ridgeland Construction One, LLC was a Mississippi LLC when The Lexington was built in 1999 and 2000. After construction of The Lexington was complete, a Delaware LLC, also known as Ridgeland Construction One, LLC, was formed. The Mississippi Ridgeland was merged into the Delaware Ridgeland in December 2001. For purposes of its Motion, Ridgeland does not dispute "that the entity that was merged into it in 2001 was involved in the development of The Lexington" or that "there may be barriers to accessibility at The Lexington." (Def's. Reply 2, ECF No. 101). According to Ridgeland, after the merger, the LLC was sold

to a group of independent real estate investors, referred to by Ridgeland in its filings as the "New Managers," who then sold The Lexington in 2006. Ridgeland thereafter dissolved in 2008.

Ridgeland argues that the United States' Complaint fails to state a claim against it. Specifically, Ridgeland claims that it cannot be sued under Delaware law because the FHA and ADA claims against it were not foreseeable when it dissolved.

## STANDARD OF REVIEW

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Softward Spectrum Inc.*, 78 F.3d 105, 1017-18 (5th Cir. 1996). In doing so, the Court need not convert the motion into one for summary judgment. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

When a Court considers matters outside the pleadings and judicially noticed documents, though, the motion to dismiss is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation and quotation marks omitted).

## DISCUSSION

Ridgeland concedes that its Motion should be treated as a Motion for Summary Judgment. Viewing the evidence before it in the light most favorable to the United States, the Court finds that Ridgeland's Motion should be denied.

**I.    Ridgeland's Judicial Notice Request**

Ridgeland submits four sets of documents in support of its Motion:

(1) documents from the Delaware Secretary of State related to Ridgeland's corporate existence and dissolution;

(2) an excerpt from the 1997 Standard Building Code of the City of Ridgeland;

(3) certificates of occupancy issued by the City of Ridgeland for the buildings at The Lexington; and

(4) a letter from Sheila Rose with her curriculum vitae attached in which Ms. Rose states that after reviewing the City of Ridgeland procedures for building permit review and inspection and Chapter 11 of the 1997 Standard Building Code, in her opinion, "a developer of multi-family housing project would be subject to plan review and inspections related to accessibility" and "it would be reasonable to assume that upon plan review and subsequent inspection that any development complied with the applicable accessibility codes." (Letter from Sheila Rose, Ex. D to Def's. Mot., ECF No. 49-4).

The United States has no objection to the Court taking judicial notice of the Secretary of State documents and certificates of occupancy. The Court finds that those documents contain facts that are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned under Federal Rule of Evidence 201(b). *See also*

*Shaw v. Rogers*, No. 1:07cv0001-KS-MTP, 2007 WL 1295799, at *1 n.1 (S.D. Miss. May 1, 2007) (court may take judicial notice of facts contained within Secretary of State records); *Speed v. Mills*, 919 F. Supp. 2d 122, 124 n.2 (D.D.C. 2013) (court took judicial notice of city property records). For the same reason, the Court takes judicial notice of the 1997 Standard Building Code and the provisions therein. *See, e.g.*, *Kilgore v. Carson Pirie Holdings, Inc.*, 205 F. App'x 367, 375 n.5 (6th Cir. 2006).

Ridgeland conceded in its Reply that it is improper for the Court to take judicial notice of the Sheila Rose letter and curriculum vitae. The Court declines to take judicial notice of that letter in any event since Ms. Rose's statements therein are subject to reasonable dispute. *See* Fed. R. Evid. 201(b).

II.  **Ridgeland's Argument That This Lawsuit Was Not Reasonably Foreseeable**

Under Delaware law, which the parties agree applies to the issues raised in the Motion, a dissolved limited liability company must make

> such provision as will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the limited liability company or that have not arisen but that, based on facts known to the limited liability company, are likely to arise or become known to the limited liability company within 10 years after the date of dissolution.

Del. Code Ann. tit. 6, § 18-804(b)(3). Based on this law, the parties agree that Ridgeland may be sued in this action if it "knew or should have known of the likelihood of this lawsuit occurring, and thus should have been required to set up a reserve during the winding up process for such claim(s)." (Def's. Reply 3, ECF No. 101). Their dispute centers around what Ridgeland's New Managers knew or

5

should have known at the time of dissolution.

Ridgeland argues that the purpose of Delaware's LLC law "is to take into account situations involving, for example, an LLC that can anticipate claims, such as product liability claims resulting from the manufacture, sale, or use of a product like asbestos, even if the identity of the prospective plaintiff is unknown at the time." (Def's. Mem. 8, ECF No. 55). The Court finds that under Ridgeland's own analysis, Ridgeland, as a developer of multi-family dwellings, should have reasonably anticipated claims, such as those resulting from the design and construction of those dwellings, just as a product manufacturer should reasonably anticipate claims resulting from the manufacture, sale, or use of a product. It cannot simply dissolve and escape later liability, especially where Delaware law explicitly provides that a dissolving LLC is required to make provision for claims that could arise "*within 10 years* after the date of dissolution." Del. Code Ann. tit. 6, § 18-804(b)(3) (emphasis added). Ridgeland's argument that it cannot be liable because it dissolved six years ago is to no avail.

At the time of its dissolution, Ridgeland had facts before it with respect to the design and construction of The Lexington. Ridgeland even acknowledges that "[l]ogically [it] is arguably deemed to have constructive knowledge of the alleged prior acts of the Mississippi LLC which was merged into it, including any deficiencies in the construction of [T]he Lexington." (Def's. Reply 5, ECF No. 101). However, it argues that the New Managers were too removed "from the actual entity that helped develop The Lexington" and therefore those New Managers

6

"could not be presumed to have actual knowledge of the alleged defects at The Lexington." (*Id.* at 5-6).

Ridgeland cites no law for this proposition and the Court finds none.  At the very least, the New Managers had constructive notice of the design and construction of The Lexington by the LLC of which they became managers.  It makes no difference that the New Managers were not the managers at the time of construction.  If that were the law, an LLC could almost always escape liability for previous conduct if the managers in place when the LLC was dissolved were not the managers when the illegal or tortious activity occurred.  The Court also agrees with the United States that, if the Government can prove its claims, "there is no legal or equitable justification to excuse Ridgeland from participating in the remediation of the FHA accessibility violations it caused at The Lexington solely because it no longer owns the property." (Pl's. Mem. 15, ECF No. 73).  Again, were that the law, any defendant involved in the design and construction of dwellings could later escape liability for faulty design and construction by simply selling the subject property prior to any lawsuit being filed.

Ridgeland further argues that the New Managers were entitled to rely on the certificates of occupancy issued by the City of Ridgeland soon after completion of construction of The Lexington.  Based on those certificates, Ridgeland claims that the New Managers neither should nor could have known of the possibility of later FHA or ADA claims.  For several reason, this argument is unpersuasive.

First, the certificates certify only that The Lexington was in compliance with

ordinances of the City of Ridgeland, not with the FHA, ADA, or any other federal law. (*See* Certificates of Occupancy, Ex. C to Def's. Mot., ECF No. 49-3). Second, the Building Code relied on by Ridgeland and pursuant to which they claim the certificates were issued does not mention the FHA or ADA or the specific requirements of those laws.[1] (*See* Building Code excerpts, Ex. B to Def's. Mot., ECF No. 49-2). Third, even if there was evidence before the Court that the certificates or Building Code referred to the FHA or ADA, Ridgeland has not cited any law that a certificate of occupancy constitutes a certification that a building is FHA-compliant and ADA-compliant such that Ridgeland's managers were entitled to rely thereon. The law is the opposite. It was Ridgeland's, not the City's, nondelegable duty to ensure compliance with the ADA and FHA, and, thus, it was unreasonable for the New Managers to rely on the certificates of occupancy issued by the City to determine if there had been such compliance. *See, e.g.*, *United States v. Bryan Co.*, No. 3:11-cv-302-CWR-LRA, 2012 WL 2051861, at *4-5 (S.D. Miss. June 6, 2012) (recognizing that compliance with the ADA and FHA is nondelegable); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602 (4th Cir. 2010) (developer of

---

[1] The United States argues that "the Court should not accept Ridgeland's facial representation that Ridgeland followed the 1997 Standard Building Code when designing and constructing The Lexington, or even whether the 1997 building code was the proper code at the time . . . ." (Pl's. Resp. 12, ECF No. 73). However, by taking judicial notice of the contents of the 1997 Building Code, the Court is not holding that that Code was the applicable Code at times at issue in this action. Regardless, as discussed herein, even accepting as true that the 1997 Code is the applicable Code, Ridgeland's Motion should still be denied. For this reason, the Court also denies Ridgeland's request in its Reply for limited discovery to determine whether the 1997 Code is the correct Code.

8

apartment housing "has a non-delegable duty to comply with the ADA and FHA"); *see also* 42 U.S.C. § 3604(f)(6)(B) ("[d]eterminations by . . . a unit of local government . . . shall not be conclusive in [FHA] enforcement proceedings").

The letter from Sheila Rose does not change this result. Rose's letter states only that "it would be reasonable to assume that upon plan review and subsequent inspection that any development complied with the applicable accessibility codes[,]" (Letter, Ex. D. to Def's. Mot., ECF No. 49-4), not necessarily the FHA or ADA. It does not support granting summary judgment in favor of Ridgeland in light of the law discussed herein and the standard of review that all evidence is construed in favor of the United States.

Finally, the Court rejects Ridgeland's argument, not raised until its Reply, that it cannot be sued because it had no remaining assets at the time of its dissolution. *See, e.g.*, *Stuckey v. Miss. Transp. Comm'n,* No. 3:07cv639TLS-JCS, 2009 WL 230032, at *2 (S.D. Miss. Jan. 29, 2009) (declining to consider argument raised for the first time in reply brief). Even if Ridgeland had raised this argument with its initial Motion, there is no evidence before the Court, only the argument of counsel, that Ridgeland did not have any assets upon dissolution. *See Chester v. Assocs. Corp. of N. Am.*, No. 3:97-CV-3186-L, 2000 WL 743679, at *3 (N.D. Tex. May 26, 2000) ("Argument of counsel is not evidence . . . .").

## CONCLUSION

Ridgeland, as a developer of multi-family dwellings, could have reasonably foreseen, based on the facts before it regarding its design and construction of The

9

Lexington, that it could be sued for alleged violations of the Fair Housing Act and the Americans with Disabilities Act. Accordingly, the claims against it in this action may proceed at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [49] the Motion to Dismiss filed by Defendant Ridgeland Construction One, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE