IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                              CAUSE NO. 1:14CV224-LG-JCG

DAWN PROPERTIES, INC.;
SOUTHERN CROSS CONSTRUCTION
COMPANY, INC.; RIDGELAND
CONSTRUCTION ONE, LLC;
THE BEACH CLUB, LLC;
THE BEACH CLUB II, LLC;
THE BELMONT OF LAMAR, LLC;
GRAND BISCAYNE APTS., LLC;
SEAINN, LLC                                              DEFENDANTS/
                                              THIRD-PARTY PLAINTIFFS


AND

SUMMER MISS, LLC;
14510 LEMONYE BOULEVARD, LLC;
LEXINGTON MILL MISSISSIPPI OWNER,
LLC; INN BY THE SEA HOME OWNERS
ASSOCIATION, INC.                                  RULE 19 DEFENDANTS

v.

GREG STEWART; NOSIDAM, LLC, D/B/A
MADISON HOMES; GERALD JAMES
HOPKINS; HARRY BAKER SMITH
ARCHITECTS II, LLC; DRACE CONSTRUCTION
CORP.; CITY OF RIDGELAND,
MISSISSIPPI; CITY OF LONG BEACH
MISSISSIPPI; CITY OF HATTIESBURG,
MISSISSIPPI; JACKSON COUNTY, MISSISSIPPI;
HARRISON COUNTY, MISSISSIPPI;
and JOHN DOES 1-100                    THIRD-PARTY DEFENDANTS

ORDER (1) GRANTING MOTIONS TO DISMISS THIRD-PARTY
COMPLAINT FILED BY THIRD-PARTY DEFENDANTS AND DISMISSING
ALL THIRD-PARTY DEFENDANTS; (2) DENYING MOTION FOR JOINDER
FILED BY THIRD-PARTY PLAINTIFFS; AND (3) DENYING AS MOOT
JOINT MOTION TO STAY PROCEEDINGS

BEFORE THE COURT are the following Motions to Dismiss filed by Third-party Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6): [70] Motion to Dismiss filed by Greg Stewart and Nosidam, LLC; [76] Motion to Dismiss filed by City of Ridgeland, Mississippi; [80] Motion to Dismiss filed by Harrison County, Mississippi; [85] Motion to Dismiss filed by Jackson County, Mississippi; [94] Motion to Dismiss filed by Drace Construction Corp.; [110] Motion to Dismiss filed by City of Hattiesburg, Mississippi; and [134] Motion to Dismiss filed by Harry Baker Smith Architects, II, LLC.  These Third-party Defendants ask the Court to dismiss the Third-party Complaint filed against them by Defendants/Third-party Plaintiffs Dawn Properties, Inc.; Southern Cross Construction Company, Inc.; The Beach Club, LLC; the Beach Club II, LLC; The Belmont of Lamar, LLC; Grand Biscayne Apts., LLC; and SeaInn, LLC ("Defendants" or "Third-party Plaintiffs").

Also before the Court is the [126] Motion for Joinder in which the Defendants/Third-party Plaintiffs, anticipating that the Court may grant the Motions to Dismiss, seek to join the Third-party Defendants pursuant to Federal Rule of Civil Procedure 19, or, alternatively, Rule 20.

The Court has considered the submissions of the parties and the applicable law and finds that the Motions to Dismiss should be granted because (1) there is no right to indemnity or contribution under the federal laws at issue; (2) any state law indemnity claim is preempted by federal law; (3) Mississippi law does not allow for contribution claims against the Third-party Defendants; and, (4) regardless, any state law claim for contribution is preempted by federal law.  The claims against

2

the cities and counties should be dismissed for the additional reason that they owed no duty to the Third-party Plaintiffs.  The Court finds that the claims against the remaining Third-party Defendants, Gerald James Hopkins and the City of Long Beach, should be dismissed *sua sponte*.[1]  The Court likewise dismisses *sua sponte* the claims against Gerald James Hopkins and the City of Ridgeland asserted by Third-party Plaintiff Ridgeland Construction One, LLC ("Ridgeland Construction") in its [154] Third-party Complaint filed on November 21, 2014.[2]

Furthermore, the Court is of the opinion that joinder pursuant to Rule 19 is unwarranted because the Court can accord complete relief among the United States and the current Defendants without the presence of the Third-party Defendants. The current Defendants cannot use Rule 20 to join additional parties as defendants.

The Court denies as moot the [83] Joint Motion to Stay Proceedings filed by Third-party Defendants Greg Stewart, Nosidam, LLC, and City of Ridgeland.

## BACKGROUND

The United States filed this action against Defendants Dawn Properties, Inc.; Southern Cross Construction Company, Inc.; Ridgeland Construction One, LLC; The Beach Club, LLC; the Beach Club II, LLC; The Belmont of Lamar, LLC; Grand

---

[1] The City of Long Beach and Hopkins each filed Motions to Dismiss on November 21 and 25, respectively, to which the time for the Third-party Plaintiffs to respond has not yet expired.

[2] The City of Ridgeland filed a Motion to Dismiss Ridgeland Construction's Third-Party Complaint on November 25, 2014.  The time for Ridgeland Construction to respond to that Motion has not yet expired.

Biscayne Apts., LLC; and SeaInn, LLC.  The United States alleges that the Defendants were the owners, developers, and builders of several local residential apartment complexes and seeks to hold them liable for purported violations of the Fair Housing Act (FHA) and the Americans with Disabilities Act (ADA).

The Defendants (except for Ridgeland Construction, which filed a Motion to Dismiss) filed a Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14 against Greg Stewart; Nosidam, LLC; Gerald James Hopkins; Harry Baker Smith Architects, II, LLC; Drace Construction Corp.; City of Ridgeland; City of Long Beach; Jackson County; City of Pass Christian (which has since been voluntarily dismissed); and John Does 1-100.  They thereafter amended their Third-party Complaint to add Harrison County.  These Third-party Plaintiffs claim that if they are found liable in this action, then the Third-party Defendants "should also be held liable and/or should otherwise contribute for all or part of the United States' claims found to have merit . . . ."  (1st Am. Compl. 2, ECF No. 48).

After this Court denied Third-party Plaintiff Ridgeland Construction's Motion to Dismiss the United States' Complaint against it, Ridgeland Construction filed its Answer and Third-party Complaint against Gerald James Hopkins and the City of Ridgeland on November 21, 2014.  The substance of Ridgeland Construction's claims against Hopkins and the City of Ridgeland are no different than the claims against those parties brought by the other Third-party Plaintiffs.

Multiple Third-party Defendants have moved to dismiss the claims against them for failure to state a claim upon which relief can be granted.  They argue that

there is no right to indemnity or contribution under the FHA and ADA, and, further, that any state law indemnity or contribution claim is preempted by federal law.  The cities and counties also argue that they cannot be liable because they did not have any duty to the Third-party Plaintiffs to ensure compliance with the FHA and ADA.

The Third-party Plaintiffs argue that even if the Court dismisses their Rule 14 claims against the Third-party Defendants, the Court must still join those entities in this action under Federal Rule of Civil Procedure 19(a)(1)(A), or, alternatively, may join those entities under Rule 20(a)(2).

DISCUSSION

## Motions to Dismiss

"Under the Rule 12(b)(6) standard of review, th[e] court accepts 'all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.'"  *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (citation omitted).  "A claim may not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Nottingham v. Richardson*, 499 F. App'x 368, 372 (5th Cir. 2012) (citation omitted).  Applying this standard, the Court finds that all claims against the Third-party Defendants should be dismissed.

The Third-party Defendants correctly argue that there is no right to indemnity or contribution under the FHA or the ADA.  *See United States v. Bryan Co.*, No. 3:11-cv-302-CWR-LRA, 2012 WL 2051861, at *5 (S.D. Miss. June 6, 2012).

5

Therefore, any claim by the Third-party Plaintiffs pursuant to those federal statutes fails to state a claim on which relief can be granted.

The Third-party Plaintiffs argue that they can still assert claims for contribution under Mississippi state law.  They do not argue that they can assert claims for state law indemnity, and, regardless, any claim for state law indemnity would be preempted by federal law.  *See id.* at *3-6.  Therefore, this Court must determine whether the Third-party Plaintiffs can assert claims for state law contribution against the Third-party Defendants.

### Greg Stewart and Nosidam, LLC (collectively, "Stewart"), Drace Construction Corp. ("Drace"), and Harry Baker Smith Architects ("HBSA")

The Third-party Plaintiffs allege that Stewart was the construction manager and/or general contractor for several of the apartment complexes at issue.  (1st Am. Compl. 6, 8, 10 (¶¶ 20-21, 31, 36-37), ECF No. 48).  They claim that if those complexes are "found to be non-compliant with the FHA and/or ADA codes and regulations and the Defendants are held liable," then Stewart should also be held liable and otherwise contribute for all or part of the awarded damages.  (*Id.*).  They make similar claims against Drace and HBSA as construction manager and architect of some of the apartment complexes.  (*See id.* 6, 9-10 (¶¶ 22, 35, 38)).

The Court agrees with Stewart that these allegations fail to state a claim.  Under Federal Rule of Civil Procedure 14, "a third-party claim must be for some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff."  *Neal v. 21st Mortg. Corp.*, 601 F. Supp. 2d 828, 830 (S.D. Miss.

6

2009).  "Because Rule 14 does not create any substantive rights but rather merely governs the procedure for impleading third parties, the court must look to state law to determine whether there is a substantive right to the relief sought[,]" which, in this case, is contribution under Mississippi state law.  *Id.*

"Under Mississippi law, a defendant has no right to implead a third-party defendant in order to seek contribution from a joint tortfeasor who has not been sued by the plaintiff."  *Id.*  This is because "the long-standing rule in this state [is] that contribution among joint tortfeasors is unavailable absent a joint judgment against the tortfeasors, and, unlike in most states, contribution (and thus impleader based upon contribution) among joint tortfeasors is seriously limited under Mississippi law."  *Estate of Hunter v. Gen. Motors Corp.*, 729 So. 2d 1264, 1275 (Miss. 1999); *see also Hill v. Gen. Ins. Co. of Am.*, 456 F. Supp. 2d 757, 759 (N.D. Miss. 2006) ("it is well established" that a cause of action for contribution "simply does not exist under Mississippi law absent a joint judgment among the parties").  "[W]hile this traditional Mississippi rule barring contribution is arguably unfair, it nevertheless remains the law in this state . . . ."  *Hill*, 456 F. Supp. at 759.

Even if impleader was appropriate, the Court agrees with those federal courts to have addressed this issue that the FHA and the ADA preempt state law claims for both indemnity and contribution.  *See, e.g., Miami Vall. Fair Hous. Ctr., Inc. v. Campus Vill. Wright State, LLC*, No. 3:10cv00230, 2012 WL 4473236, at *7 (S.D. Ohio Sept. 26, 2012); *United States v. Murphy Dev., LLC*, No. 3:08-0960, 2009

7

WL 3614829, at *2 (M.D. Tenn. Oct. 27, 2009).

The Third-party Plaintiffs attempt to get around this law by arguing that while they "did not specifically set forth state-law causes of action against Stewart or the other Third-Party Defendants[,]" those claims "should be readily apparent." (Third-party Pls.' Mem. 8, ECF No. 88).  According to them, "Stewart was in a contractual relationship with several of the Third-Party Plaintiffs because they hired him to be the general contractor/construction manager on three of the projects identified by the United States." (*Id.*).  Thus, they claim that "Stewart owed contractual duties as well as professional duties and a standard of care to those entities in terms of the design and construction of the complexes." (*Id.*).  In support, the Third-party Plaintiffs cite *United States v. Quality Built Construction, Inc.*, 309 F. Supp. 2d 767 (E.D.N.C. 2003), an FHA case in which the federal district court denied summary judgment and allowed a corporation's cross-claim against its architect with respect to the corporation's "distinct state law claims" for breach of contract and breach of the standard of care under state law.  *Id.* at 779.

*Quality Built* was distinguished in *Miami Valley Fair Housing Center, Inc. v. Campus Village Wright State, LLC*, No. 3:10cv00230, 2012 WL 4473236 (S.D. Ohio Sept. 26, 2012).  There, an apartment complex owner and the company that provided architectural services for the complex were sued for FHA violations.  The owner cross-claimed against the architect under theories of indemnification and contribution.  The court found that such claims were preempted by the FHA.  *Id.* at

8

*7.  However, the court went on to address the owner's state law claims for breach of contract and negligence, including a discussion of *Quality Built*:

> There is a distinction between (1) a state-law claim seeking indemnification or contribution stemming from proven FHA violations and (2) a state-law contract claim arising from breach of a duty imposed by the particular terms of a contract, rather than duties imposed by the FHA; or a state law negligence claim based on a standard of care not imposed by the FHA.  This distinction hinges on whether the breach of contract or negligence claims are in substance reiterations of claims seeking indemnification or contribution for proven FHA violations.  For example, the District Court in *Quality Built Constr.* determined that the FHA did not support the defendant/builder's claim for indemnification from a co-defendant (an architectural design firm) to the extent the need for indemnification arose from the defendant/builder's FHA violations.  Yet the District Court also determined that defendant/builder raised 'distinct state law claims ...,' for breach of contract and breach of standard of care, 'which may allow for some form of contribution from [the codefendant architectural firm].'

*Id.* at *9 (internal citations omitted).

Accordingly, the court said that the owner's state law claims could proceed, "but only to the extent that those claims are not *de facto* indemnification or contribution claims arising from [alleged] FHA violation(s), if any violation is proven."  *Id.*  Since the owner's claims merely restated the FHA violations, the court dismissed the state law claims as *de facto* claims for indemnification and/or contribution arising from FHA violations.  *Id.* at *9-10.

The purported breach of contract and negligence claims against Stewart are akin to the *de facto* claims for indemnification and/or contribution in *Miami Valley*, rather than the distinct state law claims in *Quality Built*.  The Third-party

9

Plaintiffs "do not distinguish between a state law breach of contract or negligence claim and a claim for indemnification or contribution arising from FHA violations." *Miami Vall.*, 2012 WL 4473236, at *10.  Rather, their purported state law claims are all based on their allegations that the Third-party Defendants were "player[s] in the 'scheme' alleged by the United States" and "should be made to contribute to losses suffered by the Third-Party Plaintiffs if [their] conduct caused [the Third-Party Plaintiffs] damages."  (Third-party Pls.' Mem. 8, ECF No. 88).  They argue that their state laws claims are valid because the Third-party Defendants "could be liable to them for part of the relief alleged by the United States due to [the alleged] participation [by the Third-party Defendants] in the subject projects."  (*Id.* at 8-9).  Such *de facto* contribution claims are prohibited.

For all these reasons, the Court grants Stewart's Motion to Dismiss.[3]  The claims against Drace and HBSA will be dismissed for the same reasons.

### City of Ridgeland ("Ridgeland"), City of Hattiesburg ("Hattiesburg"), Harrison County, and Jackson County

The Third-party Plaintiffs claim that Ridgeland should be held liable if they are held liable because

> Ridgeland, by and through the Building Permits and Inspections Divisions of its Community Development Department, is responsible for ensuring that structures such as the Lexington are in compliance with the applicable Building Codes adopted by the City and for issuing Certificates of Occupancy when a structure is found to be in

---

[3] For the same reasons, the Court finds that it would be futile to allow any amendment, even if the Third-party Plaintiffs had properly requested one pursuant to Federal Rule of Civil Procedure 15.  (*See* Third-party Pls.' Mem. 8, ECF No. 88).

> compliance.  The Building Code adopted by Ridgeland at the time that
> the Lexington was completed required that the complex be FHA and
> ADA compliant.

(1st Am. Compl. 4 (¶13), ECF No. 48).  They state that Ridgeland should "be held liable or otherwise contribute for all or part of the damages suffered due to its actions in issuing a building permit and Certificate of Occupancy on a structure that was not FHA and/or ADA compliant."  (*Id.* (¶14)).  Their claims against Hattiesburg, Harrison County, and Jackson County are nearly identical to their claims against Ridgeland.  (*See id.* at 6-9 (¶¶ 24-25, 28-29, 33-34)).

The Court finds that the Third-party Plaintiffs' claims for state law contribution against Ridgeland, Hattiesburg, Harrison County, and Jackson County should be dismissed for the same reasons discussed above.  Namely, Mississippi law does not permit the Third-party Plaintiffs' contribution claim, such claim would be precluded by federal law in any event, and any state law claim for negligence against these entities is a *de facto* contribution claim.  (*See, e.g.*, Third-party Pls.' Mem. 5, ECF No. 103) ("If Dawn [one of the Third-party Defendants] is found liable, then it seeks contribution because Ridgeland owed duties to Dawn to ensure compliance with the ADA and the FHA . . . .").

Additionally, it was the responsibility of the Third-party Plaintiffs, not the cities or counties, to ensure compliance with the FHA and the ADA.  This duty was *non-delegable.  See Bryan*, 2012 WL 2051861, at \*4-5 (compliance with the ADA and FHA is nondelegable); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602 (4th Cir. 2010) (developer of apartment housing "has a non-delegable duty to comply

11

with the ADA and FHA"); *see also* 42 U.S.C. § 3604(f)(6)(B) ("[d]eterminations by . . . a unit of local government . . . shall not be conclusive in [FHA] enforcement proceedings").  Since the cities and counties owed no duty to any Third-party Plaintiff to ensure compliance with the FHA or the ADA, the Third-party Plaintiffs' claims against those parties based on their alleged failure to do so do not state a claim upon which relief can be granted.

Finally, since Ridgeland Construction's claims against Ridgeland are the same as those brought by the other Third-party Plaintiffs, (*see* Compl. 13 (¶¶ 55-56), ECF No. 154), the Court dismisses those claims *sua sponte* under Federal Rule of Civil Procedure 12(b)(6).  *See First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135 (5th Cir. 1995); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991).

### Gerald James Hopkins ("Hopkins") and City of Long Beach ("Long Beach")

The claims against Hopkins and Long Beach are no different in substance from the claims against the Movants.  (*See* 1st Am. Compl. 5, 7-9 (¶¶ 15, 17-18, 26, 30, 35)).  Accordingly, the Court *sua sponte* dismisses those claims under Rule 12(b)(6).  *See First Gibraltar Bank*, 62 F.3d at 135; *Guthrie*, 941 F.2d at 379.  The Court likewise *sua sponte* dismisses Ridgeland Construction's claims against Hopkins.  (*See* Compl. 13 (¶ 57), ECF No. 154).

## Motion for Joinder

The Court next considers the argument of the Third-party Plaintiffs that the Third-party Defendants should be joined as defendants in this action under Federal

Rule of Civil Procedure 19, or, alternatively, Rule 20.

**Federal Rule of Civil Procedure 19**

Under Rule 19(a)(1)(A), a court is required to join a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction . . . if . . . in that person's absence, the court cannot accord complete relief among existing parties . . . ." Rule 19 is not a substitute for third-party practice and "'does not empower the court to order joinder of a third-party defendant, because that is what Rule 14 is for.'" *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 270 (E.D. La. 2010) (citation omitted).

The Third-party Plaintiffs argue that they are not seeking contribution against the Third-party Defendants under Rule 19, but, rather, that they "seek joinder of the other parties that participated in the alleged scheme by the United States so that those parties may bear the fault attributable to them if violations did occur." (Defs.' Reply 5, ECF No. 161; *see also* Defs.' Mem. 2, 5-6, ECF No. 127). The Court construes this as an argument that the Third-party Defendants should be joined because they are necessary parties to this action separate and apart from any contribution claims (which claims would be improper under Rule 19).

The Third-party Plaintiffs bear the initial burden to show that a missing party is necessary. *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). However, if "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the

party who opposes joinder." *Id.* (citation and quotation marks omitted).  The Court finds that the Third-party Plaintiffs cannot meet their initial burden.  Regardless, the Third-party Defendants have shown that they are not necessary parties.

A missing party is necessary if in the absence of that party, the Court cannot accord complete relief among the existing parties.  *See Orff v. United States*, 545 U.S. 596, 602-03 (2005).  Therefore, the Third-party Defendants must be joined under Rule 19 if the Court cannot accord complete relief between the United States and the Defendants/Third-party Plaintiffs without the joinder of the Third-party Defendants.  *See Lichterman v. Pickwick Pines, Marina, Inc.*, No. 1:07cv256-SA-JA, 2010 WL 807439, at *2 (N.D. Miss. Mar. 2, 2010).

The Defendants/Third-party Plaintiffs argue that the Third-party Defendants must be joined because "Defendants' interest would not be protected as they would bear sole responsibility for the shared liability between the parties not named in the lawsuit."  (Defs.' Mem. 6, ECF No. 127).  First, "[i]t is well-established that Rule 19 does not require the joinder of joint tortfeasors."  *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987); *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").  Requiring compulsory joinder of the Third-party Defendants "would constitute an abuse of this Court's discretion." *United States v. Townhomes of Kings Lake HOA, Inc.*, No. 8:12cv2298-T-33TGW, 2013 WL 807152, at *4 (M.D. Fla. Mar. 5, 2013) (citing *Temple*, 498 U.S. at 7).

14

Second, even accepting the Third-party Plaintiffs' new argument that the parties were not necessarily joint tortfeasors,[4] the Third-party Plaintiffs have not established that the United States cannot get complete relief against them without the presence of the Third-party Defendants.  As discussed above, each Defendant had a non-delegable duty to ensure compliance with the ADA and FHA, separate and apart from any party sought to be joined.  *See Bryan*, 2012 WL 2051861, at *4-5; *Niles Bolton*, 602 F.3d at 602.  If the United States can show a breach of that duty by a Defendant, it will be entitled to a recovery and can obtain complete relief against that Defendant.  The United States did not have to include the Third-party Defendants in this action in order for complete relief to be accorded among it and the current Defendants.  *See, e.g.*, *Townhomes of Kings Lake*, 2013 WL 807152, at *4.  The case of *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 3 F. Supp. 2d 661 (D. Md. 1998), cited by the Third-party Plaintiffs, does not change this result since, *inter alia,* that case did not deal with who is an indispensable party to an action under the FHA.

Finally, because the Court finds that the Third-party Defendants are not necessary parties under Rule 19(a), it has no need to consider the four factors in *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968), whether, under Rule 19(b), "in equity and conscience, the court should proceed without a

---

[4] The Third-party Plaintiffs cite no law for this argument.  Even so, the absence of joint and several liability is not the standard for joining parties under Rule 19.

party whose absence from the litigation is compelled." *See id.* at 109-10; *see also Temple*, 498 U.S. at 8 ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.").

**Federal Rule of Civil Procedure 20**

Rule 20(a)(2) allows for permissive joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." However, "a defendant can not use rule 20 to join a person as an additional defendant." *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *Conceal City, L.L.C. v. Looper L. Enforcement, LLC*, 917 F. Supp. 2d 611, 623 (N.D. Tex. 2013) ("A defendant has no right to demand permissive joinder of an absent person as a defendant."); *Moore v. Cooper*, 127 F.R.D. 422, 422 (D.D.C. 1989) ("Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit."). The Third-party Plaintiffs cite no contrary law. Accordingly, the Court also denies the request for joinder pursuant to Rule 20.

## CONCLUSION

For all the reasons discussed herein, it is beyond doubt that the Third-party Plaintiffs, including Ridgeland Construction in its recently filed Third-party Complaint, can prove no set of facts in support of any claim against the Third-party Defendants. Furthermore, the Third-party Plaintiffs have not shown that joinder of

16

the Third-party Defendants is necessary pursuant to Federal Rule of Civil Procedure 19, and they are not entitled to the requested relief pursuant to Federal Rule of Civil Procedure 20.

      **IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [70, 76, 80, 85, 94, 110, 134] Motions to Dismiss filed by Greg Stewart and Nosidam, LLC; City of Ridgeland; Harrison County; Jackson County; Drace Construction Corp.; City of Hattiesburg; and Harry Baker Smith Architects, II, LLC are **GRANTED** and all claims against those parties are **DISMISSED WITH PREJUDICE**.  Those parties are therefore terminated from this action.

      **IT IS FURTHER ORDERED AND ADJUDGED** that all claims against Gerald James Hopkins and City of Long Beach are **DISMISSED WITH PREJUDICE** and those parties are therefore terminated from this action.

      **IT IS FURTHER ORDERED AND ADJUDGED** that the [154] Third-party Complaint against Gerald James Hopkins and the City of Ridgeland filed by Ridgeland Construction One, LLC is **DISMISSED WITH PREJUDICE**.

      **IT IS FURTHER ORDERED AND ADJUDGED** that the [126] Motion for Joinder is **DENIED**, and that the [83] Joint Motion to Stay Proceedings is **DENIED AS MOOT**.

      **SO ORDERED AND ADJUDGED** this the 26th day of November, 2014.

                    s/ *Louis Guirola, Jr.*
                    LOUIS GUIROLA, JR.
                    CHIEF U.S. DISTRICT JUDGE