## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:14CV224-LG-JCG**

**DAWN PROPERTIES, INC.;**
**SOUTHERN CROSS CONSTRUCTION**
**COMPANY, INC.; RIDGELAND**
**CONSTRUCTION ONE, LLC;**
**THE BEACH CLUB, LLC;**
**THE BEACH CLUB II, LLC;**
**THE BELMONT OF LAMAR, LLC;**
**GRAND BISCAYNE APTS., LLC;**
**SEAINN, LLC**                                              **DEFENDANTS**

**AND**

**SUMMER MISS, LLC;**
**14510 LEMONYE BOULEVARD, LLC;**
**LEXINGTON MILL MISSISSIPPI OWNER,**
**LLC; INN BY THE SEA HOME OWNERS**
**ASSOCIATION, INC.**                             **RULE 19 DEFENDANTS**

### ORDER DENYING MOTION TO SEVER

BEFORE THE COURT is the [171] Motion to Sever filed by Rule 19

Defendant Inn by the Sea Home Owners Association, Inc. ("Inn by the Sea HOA" or

"the HOA").  The United States filed a Response to the Motion and the HOA filed a

Rebuttal Memorandum.  Having considered the submissions of the parties and the

applicable law, the Court is of the opinion that the Motion should be denied because

Inn by the Sea HOA has not carried its burden to show that a severance should be

granted under Federal Rule of Civil Procedure 21.

### BACKGROUND

The United States ("the Government") filed this action against Defendants

Dawn Properties, Inc.; Southern Cross Construction Company, Inc.; Ridgeland Construction One, LLC; The Beach Club, LLC; The Beach Club II, LLC; The Belmont of Lamar, LLC; Grand Biscayne Apts., LLC; and SeaInn, LLC (collectively, the "Design and Construction Defendants").  The Government claims that the Design and Construction Defendants were related entities that were the owners, developers, and builders of several local residential multifamily dwellings.  The Government seeks to hold the Design and Construction Defendants liable for purported violations of the Fair Housing Act (FHA) and the Americans with Disabilities Act (ADA).  The Government also alleges that the Design and Construction Defendants engaged in a pattern and practice of discrimination in violation of the FHA and ADA, although it does not allege that SeaInn, LLC committed any ADA violations.

Pursuant to Federal Rule of Civil Procedure 19, the Government also named as Defendants Summer Miss, LLC; 14510 Lemoyne Boulevard, LLC; Lexington Mill Mississippi Owner, LLC; and Inn by the Sea HOA.  The Government alleges that SeaInn, LLC, one of the Design and Construction Defendants, "was an owner and/or developer of Inn by the Sea and participated in the design and construction of the complex."  (Compl. 5 (¶16), ECF No. 1).  It further contends that Inn by the Sea HOA is the "current owner of the common property at Inn by the Sea and, in that capacity, is named as a necessary party to this lawsuit . . . in whose absence complete relief cannot be afforded to the" Government.  (*Id.* at 6 (¶20)).

SeaInn, LLC and Inn by the Sea HOA are represented by separate counsel.

The Government does not allege that the HOA is liable for the purported FHA

violations or even make any FHA allegations against the HOA.  (*See* Gov't Mem. 5,

ECF No. 174).  Instead, the Government seeks an order enjoining the Rule 19

Defendants, including Inn by the Sea HOA,

> from engaging in conduct that denies access to the public and common
> use areas, the covered multifamily dwellings, or the public
> accommodations areas at the [subject] properties . . . under their
> ownership or management, and from engaging in any other action to
> impede any retrofits required to bring the properties, covered
> multifamily dwelling units, and public and common use areas into
> compliance with the [FHA] . . . in a prompt and efficient manner while
> minimizing inconvenience to the residents and visitors at the
> properties and to the Rule 19 Defendants.

(Compl. 19, ECF No. 1).

> The Government states that the HOA

> is in possession of information, and in control of property, that is
> relevant to the pattern or practice claims against the Design and
> Construction Defendants.  The evidence of the Inn by the Sea property
> itself, including its construction and building records, is directly
> related to the United States' claims that in designing and constructing
> the Subject Properties, . . . the Design and Construction Defendants
> engaged in a pattern or practice of discrimination . . . .

(Gov't Mem. 5, ECF No. 174).  The Government further states that it will need to

inspect the public common use areas at Inn by the Sea as part of the discovery

process, and, that, should the Government show that the Design and Construction

Defendants "violated federal law when they designed and constructed covered

multifamily dwellings, including Inn by the Sea, the [HOA] will be necessary to

ensure that inaccessible conditions are remedied."  (*See id.* at 6-7).

Inn by the Sea HOA now requests that this Court sever all claims related to

Inn by the Sea and consider those claims in a separate action.

DISCUSSION

The United States Supreme Court has stated that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Even so, Federal Rule of Civil Procedure 21 gives the Court authority to "sever any claim against a party." Fed. R. Civ. P. 21.  "The court has broad discretion in matters of severance." *Hodges v. Coldwell Banker Real Estate Corp.* No. 4:05cv168-P-A, 2007 WL 1200118, at *1 (N.D. Miss. Apr. 19, 2007) (citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500 (5th Cir. 1994)).  The movant "bears the burden in seeking severance under Rule 21." *Johnson v. BAE Sys. Land & Armaments, L.P.*, No. 3:12-cv-1790-D, 2014 WL 1714487, at *35 (N.D. Tex. Apr. 30, 2014).

While the Fifth Circuit "has not formally adopted a severance test," it has recognized that the "district courts have settled on a standard which accords with that used in other circuits."  *In re Rolls Royce Corp.*, 2014 WL 7403467, at *8 n.40 (5th Cir. Dec. 30, 2014).  Under that standard, "[i]n considering a motion to sever, the court may consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;

4

(4) whether prejudice would be avoided if severance were granted; and

(5) whether different witnesses and documentary proof are required for separate claims."

*Butcher v. Allstate Ins. Co.*, No. 1:06cv423-KS-MTP, 2008 WL 5101339, at *2 (S.D. Miss. Nov. 26, 2008); *see also In re Rolls Royce*, 2014 WL 7403467, at *8 n.40.

In considering the factors above, the Court is of the opinion that Inn by the Sea HOA's Motion to Sever should be denied.[1]

## (1)   Whether the claims arise out of the same transaction or occurrence

Inn by the Sea HOA argues that the claims involving Inn by the Sea should be severed because "[t]he claims asserted against each property are unique to each." (Mot. 2, ECF No. 171).  In its Rebuttal Memorandum, the HOA states that, for example, the other complexes are alleged to have violated the FHA because "breezeways leading to covered units do not have cane detection under the stairs" and "ground-floor covered units have barriers on the approach walkway leading up to the primary entry door of the unit."  The HOA argues that, in contrast, the allegations involving Inn by the Sea include that "the latch and lock of the swimming pool and barbeque are inaccessible and are at a height greater than 48" above the ground" and that "the top row of mailboxes is located at a height greater

---

[1] While unclear, to the extent Inn by the Sea HOA argues that it should be severed as a Defendant because it was not properly joined pursuant to Federal Rule of Civil Procedure 19, case law supports the inclusion of the HOA as a Defendant. *See, e.g.*, *Nat'l Fair Housing Alliance, Inc. v. S.C. Bodner Co.*, 844 F. Supp. 2d 940, 945 (S.D. Ind. 2012); *Nat'l Fair Housing Alliance v. A.G. Spanos Constr., Inc.*, 542 F. Supp. 2d 1054, 1066-67 (N.D. Cal. 2008); *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F. Supp. 2d 700, 712 (D. Md. 1999).

than 54" above the finished floor." (Rebuttal Mem. 4, ECF No. 176). The HOA further contends that resolution of the claims against the other Defendants "will have no effect on the claims involving Inn by the Sea, nor will resolution of the claims involving Inn by the Sea affect any of the claims against the owners of the other subject properties . . . ." (*Id.* at 3-4). Thus, the HOA argues that the claims related to Inn by the Sea do not arise out of the same transaction or occurrence as the claims related to the other complexes.

The HOA's arguments fail to acknowledge, however, that the Government is contending that the Design and Construction Defendants engaged in a pattern and practice of discrimination relating to all of the subject complexes. While the Court anticipates that there will be specific fact issues regarding the alleged defects at the Inn by the Sea property, the Government's overarching allegation that the Design and Construction Defendants engaged in "a pattern or practice of resistance to the full enjoyment of rights granted by the" FHA, (Compl. 16 (¶42), ECF No. 1), satisfies the requirement that the claims arise out of the same transaction or occurrence. *See, e.g.*, *Castillo v. Lennar Corp.*, No. H-08-1469, 2008 WL 4425298, at *1 (S.D. Tex. Sept. 23, 2008) ("Allegations of a pattern or practice of discrimination can satisfy the 'same transaction' requirement . . . ."); *Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, at *1 (E.D. La. Aug. 1, 2000) (same) (collecting cases).

Inn by the Sea HOA has provided no analogous law to the contrary. Instead, it relies primarily on *McFarland v. State Farm Fire & Casualty Co.*, No. 1:06cv466-LTS-RHW, 2006 WL 2577852 (S.D. Miss. Sept. 6, 2006). The facts and claims in

6

*McFarland* are inapposite to the facts and claims in this case.  In that action, hundreds of individual plaintiff-homeowners, as opposed to the single plaintiff here, attempted to join in a single action against an insurance company for damage caused to their homes by Hurricane Katrina.  Significantly, there was no pattern and practice allegation, and each homeowner was making its own individual claim of damage to its individual property.  Under those circumstances, the Court ordered that each of the plaintiff-homeowners had to file its own action corresponding to the actual damaged property.

*McFarland* does not support the HOA's position.  In this action, while the Government is claiming different deficiencies at each complex, those deficiencies all relate to the Government's larger pattern and practice claim against the Design and Construction Defendants.  Similarly, there was no pattern and practice allegation in another case cited by the HOA, *Baughman v. Lee County*, 554 F. Supp. 2d 652 (N.D. Miss. 2008), which case was brought by multiple plaintiffs and in which the Court relied on *McFarland* in ordering a severance.

In its Rebuttal Memorandum, Inn by the Sea HOA contends that there can be no pattern and practice claim involving Inn by the Sea.  This argument is, again, based on the differences in the alleged deficiencies found at Inn by the Sea versus those at the other complexes.  While the Court does not prejudge the merits of the Government's pattern and practice claim, the alleged deficiencies at Inn by the Sea do not have to be identical to those at the other complexes for the Government to prove that the Design and Construction Defendants engaged in an overall pattern

7

and practice of discrimination with respect to all local residential multifamily dwellings with which they were involved. Nor does it have to show that the alleged deficiencies were the same "to demonstrate that unlawful discrimination has been a regular procedure or policy followed by" those entities. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977).

The Court is of the opinion that this factor weighs in favor of allowing the action to proceed without severing the claims related to Inn by the Sea.

**(2)     Whether the claims present some common questions of law or fact**

"The second prong does not require all questions of law and fact raised by the dispute to be common. Rather, only 'some question of law or fact must be common to all parties.'" *Porter*, 2000 WL 1059849, at *2 (citation omitted). Inn by the Sea HOA concedes that the Government has alleged at least one common fact – that all of the complexes were constructed by Dawn Properties or a related entity. Further, as shown above, whether the Defendants engaged in a pattern and practice of discrimination is also a common question of law. *See, e.g.*, *id.* The Court finds that this factor also weighs in favor of denying the Motion to Sever.

**(3)     Whether settlement of the claims or judicial economy would be facilitated**

The Court is of the opinion that settlement will be more likely if the Government can negotiate with all of the Design and Construction Defendants as part of one action. Similarly, the Court believes that judicial economy would be facilitated by proceeding with the claims together, as opposed to engaging in

8

separate discovery and separate trials involving many of the same issues and
witnesses, as discussed herein. *See, e.g.*, *Bolling v. Miss. Paper Co.*, 86 F.R.D. 6, 8
(N.D. Miss. 1979) ("To order a severance would only result in the duplication of
testimony, as well as unnecessary delay, inconvenience, and expense.").

**(4)    Whether prejudice would be avoided if severance were granted**

Inn by the Sea HOA states that "prejudice would result from the confusion
that inevitably would arise in the fact-intensive process of sorting through these
disparate and unrelated claims." (Mot. 7, ECF No. 171) (*see also* Rebuttal Mem. 2,
ECF No. 176). The Court has already determined that the claims are not as
"disparate and unrelated" as the HOA argues. Regardless, any potential confusion
can be addressed by jury instructions specific to each Defendant, if necessary,
including SeaInn, LLC.[2] *See, e.g.*, *Fassbender v. Treasure Chest Casino*, No 07-
5265, 2008 WL 576229, at *4 (E.D. La. Feb. 28, 2008)*; Amie v. City of Jennings*, No.
2:03cv2011, 2005 WL 3007009, at *2 (W.D. La. Nov. 8, 2005).

Finally, the HOA contends that "[i]f the claims involving Inn by the Sea are
not severed, [the HOA] will be required to expend significant cost and time
litigating claims that simply do not pertain to Inn by the Sea." (Rebuttal Mem. 7,
ECF No. 176). The Court is unpersuaded by this argument, since the Government
has made clear that it is not alleging that the HOA is liable for any violations.

---

[2] This would include jury instructions distinguishing between the FHA
claims and the ADA claims, since there are no ADA claims related to the Inn by the
Sea property.

9

Accordingly, there are no claims against the HOA to litigate.  Rather, the

Government has included the HOA in this action solely for the purposes of access,

obtaining documents, and effectuating injunctive relief, if SeaInn, LLC (not the

HOA) is found to be liable.

**(5)    Whether different witnesses and documentary proof are required for
separate claims**

The Government argues that it "anticipates using the same expert

witness(es) to inspect each property, and anticipates deposing some of the same

witnesses for facts relevant to the design and construction of the several Subject

Properties."  (Gov't Mem. 9-10, ECF No. 174).  This includes Ike Thrash, who is

alleged to be the owner and president of Dawn Properties, which is an owner,

principal, or member of all the other Design and Construction Defendants,

including SeaInn, LLC.  (*See id.* at 10).

Inn by the Sea HOA responds that "[n]otwithstanding the United States'

contention that it anticipates using at least one similar witness, the allegations

involving Inn by the Sea involve different design and property features that

necessarily will require different documentary proof."  (Rebuttal Mem. 6, ECF No.

176).  That contention is likely true, but it does not warrant severance of the claims,

especially when weighed in conjunction with the other factors discussed above.  *See,

e.g.*, *Johnson*, 2014 WL 1714487, at *36 (denying motion to sever where movant

"failed to persuade the court that a severance [was] warranted under the relevant

factors").

CONCLUSION

For all the reasons discussed herein, the Court declines to exercise its discretion to sever the claims related to Inn by the Sea in this action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [171] Motion to Sever filed by Rule 19 Defendant Inn by the Sea Home Owners Association, Inc. is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE