IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CAUSE NO. 1:14CV224-LG-JCG |
| DAWN PROPERTIES, INC.; SOUTHERN CROSS CONSTRUCTION COMPANY, INC.; RIDGELAND CONSTRUCTION ONE, LLC; THE BEACH CLUB, LLC; THE BEACH CLUB II, LLC; THE BELMONT OF LAMAR, LLC; GRAND BISCAYNE APTS., LLC; SEAINN, LLC | DEFENDANTS |
| AND | |
| SUMMER MISS, LLC; 14510 LEMOYNE BOULEVARD, LLC; LEXINGTON MILL MISSISSIPPI OWNER, LLC; INN BY THE SEA HOME OWNERS ASSOCIATION, INC. | RULE 19 DEFENDANTS |
| 14510 LEMOYNE BOULEVARD, LLC | CROSSCLAIM PLAINTIFF |
| v. | |
| GRAND BISCAYNE APTS., LLC | CROSSCLAIM DEFENDANT |
| AND | |
| IKE THRASH | DEFENDANT TO CROSSCLAIM |

<u>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT FILED BY LEMOYNE BOULEVARD, LLC**</u>

BEFORE THE COURT is the [521] Motion for Summary Judgment filed by Rule 19 Defendant and Crossclaimant 141510 Lemonye Boulevard, LLC. Having considered the Motion and the applicable law, the Court finds that the Motion

should be denied. The Government's Motion on which Lemoyne seeks to rely is moot, and Lemoyne has not met its burden to show that a discriminatory housing practice under the Fair Housing Act (FHA) occurred. Regardless, genuine issues of material fact also remain with respect to whether Defendant Thrash was involved in the design and construction of the property at issue, precluding summary judgment in Lemoyne's favor.

## BACKGROUND

The United States filed this action against Defendants Dawn Properties, Inc.; Southern Cross Construction Company, Inc.; Ridgeland Construction One, LLC; The Beach Club, LLC; The Beach Club II, LLC; The Belmont of Lamar, LLC; Grand Biscayne Apts., LLC; and SeaInn, LLC (collectively, the "Design and Construction Defendants"). The Government claimed that these Defendants were related entities that were the owners, developers, and builders of several local residential multifamily dwellings, and sought to hold them liable for purported violations of the FHA and the Americans with Disabilities Act (ADA).

Pursuant to Federal Rule of Civil Procedure 19, the Government further named as Defendants the entities that are the current owners of the residential complexes at issue, including Lemoyne. According to the Government, these entities are necessary parties in whose absence complete relief cannot be afforded to the United States. There is no dispute, however, that these entities – including the current movant – have no responsibility whatsoever for the purported FHA and ADA violations.

The Government and the Design and Construction Defendants ultimately settled this dispute, pursuant to a [572] Consent Order entered in this action on December 2, 2016. In that Order, the Government and the Design and Construction Defendants state that they

> have entered into this settlement agreement ("Consent Order") to resolve the issues and disputes and to avoid the uncertainties and costs of further litigation, and neither the Consent Order nor any of the provisions hereof shall be construed as an admission of liability. Defendants deny violating the Fair Housing Act and the Americans with Disabilities Act.

(*Id.* at 4-5). The Order also outlines agreed retrofits to be undertaken at the subject properties, including the Grand Biscayne apartment complex.

Lemoyne, the current owner of the Grand Biscayne apartment complex, filed a Crossclaim against Grand Biscayne, the previous owner, and against Ike Thrash, an alleged member and manager of Grand Biscayne. Lemoyne's Crossclaim seeks to hold Grand Biscayne and Thrash liable pursuant to the FHA for lost profits, lost rents, expenses incurred in relocating tenants to facilitate remediation construction,[1] and attorney's fees, costs, and expenses of litigation.

Lemoyne now seeks summary judgment as to liability on its Crossclaim. In doing so, it relies on arguments made by the United States in a motion that this Court has found moot as a result of the Consent Order discussed above.

---

[1] Under the Consent Order, these expenses will not be paid by Lemoyne, but by the Design and Construction Defendants. (*See* Consent Order 14, ECF No. 527).

**DISCUSSION**

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits or declarations, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the movant "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Applying this standard, the Court is of the opinion that Lemoyne has not met its summary judgment burden.

The FHA by its plain terms requires proof of a discriminatory housing practice. *See* 42 U.S.C. §§ 3602, 3613(a). In the design and construction context, such as here, "[c]ourts have held that summary judgment on the issue of design-and-construction discrimination is appropriate where plaintiff demonstrates that a covered dwelling does not comply with the ANSI [American National Standards Institute] standards or the HUD [United States' Department of Housing and Urban Development] Guidelines, and defendants fail to submit evidence that the property complies with any other accessibility standard." *United States v. Tanski*, No. 1:04-CV0714, 2007 WL 1017020, at *11 (N.D.N.Y. Mar. 30, 2007).

Lemoyne contends that it has suffered damages as a result of the allegedly inaccessible design/construction of the apartment complex by Grand Biscayne and

4

Thrash. The problem with Lemoyne's current Motion, however, is that Lemoyne pre-supposed that the Court would hold Grand Biscayne and Thrash liable as a matter of law with respect to the Government's FHA claims against those Defendants. In essence, Lemoyne's strategy was simply to "wait and see" if the Government could prove its claim as to FHA liability, and then argue damages as a result. For example, Lemoyne has never retained an expert, but instead relies on the Government's expert witness with respect to "[t]he litany of inaccessible features designed, developed, and constructed by Thrash and Grand Biscayne at the [Grand Biscayne] Complex . . . ." (*See* Lemoyne Mem. 3-4, ECF No. 522).

However, the Consent Order rendered moot the Government's Motion as to FHA liability on which Lemoyne seeks to rely to establish liability. *See, e.g.*, *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004) ("Where a controversy no longer exists, a claim based on that controversy is moot. . . . 'Generally settlement of a dispute between two parties renders moot any case between them growing out of that dispute.'") (citation omitted). As a result, the Court will not decide the question of whether the *Government* could prove that Grand Biscayne and Thrash are liable pursuant to the FHA.[2] *See, e.g.*, *St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions . . . ."). Moreover, the settlement itself is not evidence of liability, and includes an explicit

---

[2] Defendants have also now raised the issue of whether Lemoyne is entitled to utilize the Government's expert witness at trial, although the Court offers no opinion on that issue in this Order.

provision disclaiming liability. *See* Fed. R. Civ. P. 408. Thus, the Court is of the opinion that Lemoyne has not met its summary judgment burden to show that a discriminatory housing practice even occurred.

But even if the Court were to consider moot arguments, the Court's review of the evidence convinces it that genuine issues of material fact remain with respect to whether Defendant Thrash participated in the design and construction of the property at issue, and that such issues preclude the Court from entering a finding of FHA liability as a matter of law. *See, e.g.*, *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 3 F. Supp. 2d 661, 665 (D. Md. 1998) ("[T]he Court finds that the facts surrounding the individual participation of each entity involved are unclear. Furthermore, a determination regarding [the defendant's] involvement in the design and construction process of [the housing] is more appropriate for resolution by the trier of fact . . . ."). Lemoyne itself even pointed out some of these same issues in opposing Thrash's Motion for Summary Judgment, and the involvement or non-involvement of Thrash in the design and construction of the apartment complex at issue will be for the jury. Accordingly, summary judgment will be denied.

## CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result. Genuine issues of material fact preclude summary judgment in favor of Lemoyne as to liability.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [521] Motion for Summary Judgment filed by Rule 19 Defendant and Crossclaimant 141510 Lemonye Boulevard, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
