IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | CAUSE NO. 1:14CV224-LG-JCG |
| **DAWN PROPERTIES, INC.;** <br> **SOUTHERN CROSS CONSTRUCTION** <br> **COMPANY, INC.; RIDGELAND** <br> **CONSTRUCTION ONE, LLC;** <br> **THE BEACH CLUB, LLC;** <br> **THE BEACH CLUB II, LLC;** <br> **THE BELMONT OF LAMAR, LLC;** <br> **GRAND BISCAYNE APTS., LLC;** <br> **SEAINN, LLC** | **DEFENDANTS** |
| **AND** | |
| **SUMMER MISS, LLC;** <br> **14510 LEMOYNE BOULEVARD, LLC;** <br> **LEXINGTON MILL MISSISSIPPI OWNER,** <br> **LLC; INN BY THE SEA HOME OWNERS** <br> **ASSOCIATION, INC.** | **RULE 19 DEFENDANTS** |
| **14510 LEMOYNE BOULEVARD, LLC** | **CROSSCLAIM PLAINTIFF** |
| v. | |
| **GRAND BISCAYNE APTS., LLC** | **CROSSCLAIM DEFENDANT** |
| **AND** | |
| **IKE THRASH** | **DEFENDANT TO CROSSCLAIM** |

<u>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT FILED**</u>
<u>**BY IKE THRASH**</u>

BEFORE THE COURT is the [527] Motion for Summary Judgment as to 14510 Lemoyne Boulevard, LLC's claims against Ike Thrash in his Individual Capacity filed by Defendant Ike Thrash.  Having considered the submissions of the

parties and applicable law, the Court finds that the Motion should be denied because genuine issues of material fact remain with respect to Lemoyne's Fair Housing Act (FHA) claim against Thrash under both theories of vicarious and direct liability.

## BACKGROUND

The United States filed this action against Defendants Dawn Properties, Inc.; Southern Cross Construction Company, Inc.; Ridgeland Construction One, LLC; The Beach Club, LLC; The Beach Club II, LLC; The Belmont of Lamar, LLC; Grand Biscayne Apts., LLC; and SeaInn, LLC (collectively, the "Design and Construction Defendants"). The Government claimed that these Defendants were related entities that were the owners, developers, and builders of several local residential multifamily dwellings, and sought to hold them liable for purported violations of the FHA and the Americans with Disabilities Act (ADA). Pursuant to Federal Rule of Civil Procedure 19, the Government further named as Defendants the entities that are the current owners of the residential complexes at issue, including Lemoyne. According to the Government, these entities are necessary parties in whose absence complete relief cannot be afforded to the United States, although none of these entities are claimed to have committed any FHA or ADA violations themselves.

Lemoyne, the current owner of the Grand Biscayne apartment complex, filed a Crossclaim against Grand Biscayne, the previous owner, and against Ike Thrash, an alleged member of Grand Biscayne, who testified in this litigation that he was the managing member "[t]hroughout most of the construction" of the complex.

(*See* Thrash Dep. 82:3-10, ECF No. 519-2). Lemoyne's Crossclaim seeks to hold Grand Biscayne and Thrash liable pursuant to the FHA for lost profits, lost rents, expenses incurred in relocating tenants to facilitate remediation construction,[1] and attorney's fees, costs, and expenses of litigation. The Government and the Design and Construction Defendants ultimately settled their dispute, pursuant to a [572] Consent Order entered in this action on December 2, 2016. However, Lemoyne is continuing to go forward with its claims, and, thus, the Court will consider Thrash's arguments that he is entitled to summary judgment on the Crossclaim.

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). If the movant carries its burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

Applying this standard, the Court finds that genuine issues of material fact remain with respect to Lemoyne's FHA claim against Thrash, and that Lemoyne is

---

[1] The Court notes that it is now clear that these expenses will not be paid by Lemoyne, but by the Design and Construction Defendants. (*See* Consent Order 14, ECF No. 527).

entitled to proceed to trial on its claim against Thrash alleging both vicarious and direct liability. The Court discusses each theory below.

**Vicarious Liability**

Lemoyne asks the Court to pierce the corporate veil of Grand Biscayne Apts., LLC, and hold Thrash personally liable for any damages Lemoyne recovers from Grand Biscayne. "The Fifth Circuit has repeatedly declined to address whether, as a matter of federal common law, courts in this Circuit should apply federal or state law when adjudicating a veil piercing claim." *Port of S. La. v. Tri-Parish Indus., Inc.*, No. 11-3065, 2013 WL 2394859, at *3 (E.D. La. May 28, 2013); *see also United States v. Bestfoods*, 524 U.S. 51, 64 n.9 (1998) (declining to address the issue).

Here, Lemoyne's claims are all predicated on the federal FHA; thus, the Court is of the opinion that federal common law applies to the veil piercing claim. *See, e.g.*, *Melson v. Vista World Inc. & Assocs.*, No. 12-135, 2012 WL 6002680, at *4 (E.D. La. Nov. 30, 2012) (where "subject matter jurisdiction is predicated upon a federal question[,] federal common law applies"). The Court also finds persuasive case law from other courts applying federal common law to veil piercing claims in the context of the FHA and other federal statutes. *See, e.g.*, *Equal Rights Ctr. v. Equity Residential*, No. 06-1660, 2016 WL 1258418, at *3 (D. Md. Mar. 31, 2016) ("The court applies federal common law in deciding whether to pierce the corporate veil because that decision implicates an important federal interest: liability for violations of the FHA."); *U.S. ex rel. Dekort v. Integrated Coast Guard Sys.*, 705 F.

Supp. 2d 519, 546 (N.D. Tex. 2010) (FCA); *Shuck v. Wichita Hockey, Inc.*, 356 F. Supp. 2d 1191, 1194 (D. Kan. 2005) (COBRA). This result promotes uniformity in the application of the FHA.[2] *See Aaron v. Leday*, No. 4:13-CV-01716, 2013 WL 5936623, at *8 (S.D. Tex. Nov. 5, 2013) ("Where 'the federal statute in question demands national uniformity, federal common law provides the determinative rules of decision.'") (citing *Bd. of Locomotive Eng'rs v. Springfield Terminal Ry. Co.*, 210 F.3d 18, 25-26 (1st Cir. 2000)); *see also Lansford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1225 (3d Cir. 1993).

Having determined that federal common law applies, the Court next turns to that law itself. The United States Supreme Court has stated that "the corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf." *See Bestfoods*, 524 U.S. at 62. But "the federal standard for when it is proper to pierce the corporate veil is notably imprecise and fact-intensive[, and there is no] litmus test in the federal courts governing when to disregard corporate form." *Bd. of Locomotive Eng'rs*, 210 F.3d at 26 (citations and quotation marks omitted). "Instead, the rule in federal cases is founded only on the broad principle that 'a corporate entity may be disregarded in the interests of public convenience, fairness

---

[2] Thrash contends that *Burks v. Lasker*, 441 U.S. 471 (1979), mandates a different result. However, "*Burks* does not mandate the blind application of state rules with respect to disregarding the corporate form in all federal question litigation." *In re G & L Packing Co., Inc.*, 41 B.R. 903, 910 (N.D.N.Y. 1984).

and equity.'" *Id.* (citation omitted); *see also Equal Rights Ctr.*, 2016 WL 1258418, at *4. Nonetheless, "there must be *some* factual circumstances suggesting an improper use of the corporate form . . . ." *See Equal Rights Ctr.*, 2016 WL 1258418, at *4 (emphasis in original).

Because of the factual nature of the inquiry, it is unsurprising that the Fifth Circuit and other courts have stated "that the issue of corporate entity disregard is one for the jury." *FMC Fin. Corp. v. Murphee*, 632 F.2d 413, 421 n.5 (5th Cir. 1980); *see also, e.g.*, *Crane v. Green & Freedman Baking Co.*, 134 F.3d 17, 22 (1st Cir. 1998). "The jury, to be sure, can find individual liability only if the evidence is minimally sufficient to do so under" the applicable veil-piercing law. *See Crane*, 134 F.3d at 22. "Whether the evidence reaches that threshold is a question of law. But given the issues's fact-intensive nature, the legal threshold of evidentiary sufficiency is a relatively low one." *Id.*

Here, the Court offers no opinion as to whether Lemoyne may ultimately prevail on this issue. Nevertheless, the Court finds that Lemoyne's evidence reaches the relatively low legal threshold for veil-piercing under federal common law, and, thus, whether to pierce the corporate veil if Grand Biscayne is found liable will be for the jury.

**Direct Liability**

Thrash argues that Lemoyne failed to plead a direct liability theory against him, and that it has "expressly pursue[d] liability for Thrash under a veil piercing

claim only." (Thrash Mot. 3, ECF No. 527). In support, Thrash relies on the Prayer for Relief in Lemoyne's [285] Amended Crossclaim.

Federal Rule of Civil Procedure 8(a)(2) provides in pertinent part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The Rule "does not treat legal descriptions of a claim the same as factual averments." *Johnson v. Honda*, No. 3:15cv223-DPJ-FKB, 2015 WL 5794449, at \*3 (S.D. Miss. Oct. 1, 2015). Viewing the Crossclaim as a whole instead of the Prayer for Relief in a vacuum, the Court finds that while the Crossclaim could be clearer, the factual allegations therein are sufficient to state an FHA claim against Thrash under theories of both direct and vicarious liability. (*See* Am. Crossclaim 5-7, ECF No. 285); *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (a "complaint need not . . . articulate a perfect 'statement of the legal theory supporting the claim asserted'") (citing *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014)).

Thus, the Court turns to the merits of any direct liability claim against Thrash under the FHA.[3] Thrash argues that he is entitled to summary judgment on any such claim because (1) "[n]o court has assessed liability upon an individual based on the theory urged by Lemoyne[,]" (Thrash Mot. 3, ECF No. 527); (2) Lemoyne waived any claim against Thrash; and (3) the statute of limitations bars

---

[3] The Court agrees with Thrash that to the extent Lemoyne is attempting to raise a claim under Mississippi state law – and this remains unclear – such a claim has neither been pled nor proven.

the claim. The Court has already rejected Thrash's statute of limitations argument and incorporates by reference herein its previous statements on this issue.[4] (*See* Order Granting Mtn. To Amend, 8-11, ECF No. 282). The Court discusses Thrash's remaining arguments below.

Liability of Individuals Under the FHA

Although the Fifth Circuit has not yet had occasion to address this issue, the Court agrees with other courts interpreting the FHA that have found that if a corporate officer "was personally involved in the discriminatory project, he or she would likewise be individually liable and not protected by the corporate veil." *See United States v. Pac. Nw. Elec., Inc.*, No. CV-01-019-S-BLW, 2003 WL 24573548, at *34 (D. Idaho Mar. 21, 2003). Direct liability of individuals such as Thrash does not run afoul of or require preemption of Mississippi corporation law, as Thrash suggests. *See, e.g.*, *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 272 (5th Cir. 2006) ("Under Mississippi law, when a corporate officer 'directly participates in or authorizes the commission of tort, even on the behalf of the corporation, he may be held personally liable.'") (citation omitted). Indeed, Magistrate Judge Gargiulo has already determined as much in a previous Order, and the Court adopts his reasoning here. (*See* Order Granting Pl.'s Mot. For Leave to Amend 9-10, ECF No. 484).

---

[4] Moreover, the Fifth Circuit specifically declined to address this issue, even after this Court certified it for interlocutory review. (*See* 5th Cir. Order, ECF No. 351).

Thrash argues that, in any event, he should not be held liable because it is indisputable that he "did not directly participate in the design or construction of the [subject apartment] complex . . . , which was designed by Hopkins & Associates and constructed by Greg Stewart." (Thrash Reply 2, ECF No. 554). In evaluating this argument, the Court agrees with the reasoning of the case of *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 3 F. Supp. 2d 661, 665 (D. Md. 1998),

> that the 'design and construct' language [of the FHAA[5]] should be read broadly. When a group of entities enters into the design and construction of a covered dwelling, all participants in the process as a whole are bound to follow the FHAA. To hold otherwise would defeat the purpose of the FHAA to create available housing for handicapped individuals and allow wrongful participants in the design and construction process to remain unaccountable. In essence, any entity who contributes to a violation of the FHAA would be liable. . . . In the case of the design and construction process of [the housing at issue] as a whole, the Court finds that the facts surrounding the individual participation of each entity involved are unclear. Furthermore, a determination regarding [the defendant's] involvement in the design and construction process of [the housing] is more appropriate for resolution by the trier of fact, and, accordingly, the Court will deny defendant's motion for summary judgment.

*Id.* at 665.

So too, here, the Court believes that "there is a genuine issue of material fact as to whether [Thrash]'s involvement is sufficient to subject h[im] to liability[,]" *United States v. Taigen & Sons, Inc.*, 303 F. Supp. 2d 1129, 1149 (D. Idaho 2003), and that this is a matter more appropriate for resolution by the jury. The Court has

---

[5] The FHAA refers to amendments made to the FHA. It is not a separate statute.

reviewed the evidence cited by both parties,[6] and is of the opinion that "[o]n this record, [Thrash] has not established as a matter of law that he bears no responsibility for the design [and construction] of the [complex] within the meaning of the [FHA]. This is an issue for the trier of fact to evaluate." *See United States v. Tanski*, No. 1:04-CV-714, 2007 WL 1017020, at *20 (N.D.N.Y. 2007).

Contractual Waiver

Thrash contends that Spring Hill Realty Partners V, LLC ("SHRP") purchased the property at issue from Freddie Mac[7] and then immediately assigned it to Lemoyne.

> When SHRP obtained the Note and Deed of Trust [regarding the property] from Freddie Mac, it repeatedly represented within the purchase agreement that it was purchasing the Note and taking the Subject Property on an 'As is, Where is' basis. . . . Acknowledging its role as a sophisticated purchaser, SHRP willingly accepted the seller's representation that the Subject Property was sold without any warranty or representation concerning the physical condition of the property or its compliance with the laws or governmental requirements.

(Thrash Mem. 4-5, ECF No. 528). Thrash argues that statements made in documentation between SHRP and Freddie Mac constitute a waiver by Lemoyne of its claims against Thrash.

---

[6] Thrash's objection that Lemoyne's citation to its own deposition testimony through its representative Richard Egan should be rejected as "inadmissible hearsay for which no exception exists[,]" (Thrash Reply 6-7, ECF No. 554), is moot. The Court has not considered that testimony in denying summary judgment.

[7] For the sake of brevity, the Court will not include a detailed discussion of purchase history of the property prior to the purchase by SHRP, as the Court does not find that extensive history relevant at this stage.

Like his veil-piercing theory, Thrash's waiver arguments as they pertain to the FHA are construed under federal common law. *See, e.g.*, *O'Hare v. Global Natural Res., Inc.*, 898 F.2d 1015, 1017 (5th Cir. 1990) ("Although there is universal recognition that a waiver of federal rights must be knowing and voluntary, there is some disagreement as to the proper source of law for determining the validity of the waiver. . . .  The better rule is to fashion a federal common law to determine this issue because the policies embedded in the federal statute should not be frustrated by state law."); *see also Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994) ("Normally the release of federal claims is governed by federal law."). Under federal law, "[a]ny writing asserted as a waiver must specifically address the rights that it allegedly waives and must be strictly construed."  *See Zavala v. City of Houston*, 196 F.3d 1256, *2 (5th Cir. 1999). "Such a degree of specificity is necessary to demonstrate an actual voluntary and knowing waiver." *Id.*; *see also Rogers v. Gen. Elec. Co.*, 781 F.2d 452, 455 (5th Cir. 1986) ("In determining whether a release was knowingly and voluntarily executed, federal law requires that a valid waiver is not to be 'lightly inferred'.") (citation omitted).

The Court questions whether Lemoyne could even be bound by the waiver, as the documents were executed between SHRP and the seller Freddie Mac, not Lemoyne and Freddie Mac.  However, the Court need not reach this issue because even assuming that SHRP and Lemoyne are one and the same, Thrash's waiver argument fails.  If there was any waiver of claims, that waiver extended only to

potential claims against the seller, Freddie Mac. The waiver does not purport to waive all federal claims that the buyer might ever have against anyone, including Thrash. Summary judgment is not warranted on this ground, either.[8]

## CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result. Genuine issues of material fact preclude summary judgment on Lemoyne's FHA claim against Thrash, and that claim will proceed to trial as scheduled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [527] Motion for Summary Judgment as to 14510 Lemoyne Boulevard, LLC's claims against Ike Thrash in his Individual Capacity filed by Defendant Ike Thrash is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[8] This finding does not prohibit Defendants from raising at trial the contractual language on which they rely, as the waiver may be probative for other reasons, including damages.