IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CAUSE NO. 1:14CV224-LG-JCG |
| DAWN PROPERTIES, INC.;<br>SOUTHERN CROSS CONSTRUCTION<br>COMPANY, INC.; RIDGELAND<br>CONSTRUCTION ONE, LLC;<br>THE BEACH CLUB, LLC;<br>THE BEACH CLUB II, LLC;<br>THE BELMONT OF LAMAR, LLC;<br>GRAND BISCAYNE APTS., LLC;<br>SEAINN, LLC | DEFENDANTS |
| AND | |
| SUMMER MISS, LLC;<br>14510 LEMOYNE BOULEVARD, LLC;<br>LEXINGTON MILL MISSISSIPPI OWNER,<br>LLC; INN BY THE SEA HOME OWNERS<br>ASSOCIATION, INC. | RULE 19 DEFENDANTS |
| 14510 LEMOYNE BOULEVARD, LLC | CROSSCLAIM PLAINTIFF |
| v. | |
| GRAND BISCAYNE APTS., LLC | CROSSCLAIM DEFENDANT |
| AND | |
| IKE THRASH | DEFENDANT TO CROSSCLAIM |

**ORDER ON MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF DAMAGES OR DAMAGE CALCULATIONS NOT IDENTIFIED
AND/OR PRODUCED DURING DISCOVERY**

BEFORE THE COURT is the [568] Motion *In Limine* To Exclude Evidence of

Damages or Damage Calculations Not Identified and/or Produced During Discovery

filed by Crossclaim Defendants Grand Biscayne Apts., LLC, and Ike Thrash (sometimes collectively referred to as "Defendants"). Having considered the Motion, the Response of the Crossclaim Plaintiff 14510 Lemoyne Boulevard, LLC, and the applicable law, the Court is of the opinion that the Motion should be granted insofar as Lemoyne's witnesses should not be permitted to testify about damages based on documentation or other evidence that was not produced during discovery.

## BACKGROUND

The United States filed this action against Defendants Dawn Properties, Inc.; Southern Cross Construction Company, Inc.; Ridgeland Construction One, LLC; The Beach Club, LLC; The Beach Club II, LLC; The Belmont of Lamar, LLC; Grand Biscayne Apts., LLC; and SeaInn, LLC (collectively, the "Design and Construction Defendants"). The Government claimed that these Defendants were related entities that were the owners, developers, and builders of several local residential multifamily dwellings, and sought to hold them liable for purported violations of the Fair Housing Act (FHA) and the Americans with Disabilities Act (ADA).

The Government further named as Defendants the entities that are the current owners of the residential complexes at issue, including Lemoyne. According to the Government, these entities are necessary parties in whose absence complete relief cannot be afforded to the United States, although none of these entities are claimed to have committed any FHA or ADA violations themselves.

Lemoyne, the current owner of the Grand Biscayne apartment complex, filed a Crossclaim against Grand Biscayne, the previous owner, and against Ike Thrash, an alleged member and manager of Grand Biscayne. Lemoyne seeks to hold Grand

Biscayne and Thrash liable pursuant to the FHA, for, *inter alia,* lost profits, lost rents, expenses incurred in relocating tenants to facilitate remediation construction, and attorney's fees, costs, and expenses of litigation. The Government and the Design and Construction Defendants have settled their dispute. Thus, Lemoyne's Crossclaim against Grand Biscayne and Thrash is the only remaining claim.

## DISCUSSION

Federal Rule of Civil Procedure 26(a) states that "a party must, without awaiting a discovery request, provide . . . a *computation* of each *category* of damages [and] the documents or other evidentiary material . . . on which each computation is based." (emphasis added). Under Rule 26(e), a party also has a continuing obligation to supplement its disclosures to the extent they are incorrect or incomplete. Rule 37 provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure to was substantially justified or is harmless." Pursuant to this Rule, Defendants "request that evidence and calculations of damages that were not produced, or any expert testimony pertaining to damages, be excluded at trial." (Mot. 4, ECF No. 568).

In its Response, Lemoyne identifies its initial disclosures and discovery responses as its compliance with Rule 26. Those documents include a laundry list of categories of damages, including attorney's fees incurred in defending the lawsuit brought by the Government, lost profits, lost opportunities, and decreased property value. Other than a single attorney's fees amount identified in initial disclosures,

there are no computations of any of these broad damages categories.[1]  Nor are these damages of a type that the Fifth Circuit has stated "may not be amenable to" precise calculation, such as emotional distress damages.  *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by" Rule 26(a).).

The Court is of the opinion that most of Lemoyne's claimed damages are exactly the types of damages that are particularly suited to numerical calculations, *i.e.*, are economic as opposed to non-economic damages.  For example, in discovery, Lemoyne stated that it has suffered increased interest rates, proceeds lost in financing the subject property as a result of this litigation, and decreased value and marketability of the subject property as a result of this litigation, all of which the Court finds could have been calculated and the calculation provided to Defendants as required by the Rules.  And, this is not even an exhaustive list of the damages claimed and for which nothing even resembling a damages calculation has been provided.  Thus, the Court concludes that Lemoyne wholly "failed to properly disclose the 'computations' for the various 'categor[ies]' of damages it now complains of."  *See CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 279 (5th Cir. 2009).

---

[1] The Court notes for the parties that whether and to what extent Lemoyne is entitled to recover attorney's fees, if any, with respect to prosecution of its Crossclaim – as distinguished from damages in the form of defense costs incurred with respect to the United States' claims – is an issue for the Court and not the jury.  *See* 42 U.S.C. § 3613(c)(2); *see also Wentworth v. Hedson*, 248 F.R.D. 123, 125 (E.D.N.Y. 2008).

Lemoyne responds that it "has no intention of introducing documentary evidence of damages at trial that it did not disclose during discovery." (Lemoyne Resp. 6, ECF No. 573). Thus, to the extent Defendants' Motion seeks to exclude documentary evidence, there is nothing to exclude. Lemoyne is entitled to rely on the documentary evidence produced during discovery to prove its damages. To the extent witness testimony is based on this evidence, the Court is of the opinion that allowing such testimony is harmless in light of the fact that Defendants already have the documents on which Lemoyne's witnesses intends to rely.

Defendants state that the documentary evidence produced does not contain "any evidence or calculations demonstrating lost profits, increased interest rates, decreased value or marketability of the property, or proceeds lost in financing as a result of this litigation." (Def. Mot. 2, ECF No. 568). It likewise states that there is no such evidence proving the alleged "lost opportunities." (*See id.*). But whether Lemoyne has proven its damages will be an issue for the jury, or possibly the Court at the close of Lemoyne's evidence. A motion *in limine* is not a substitute for summary judgment, and Defendants did not raise this issue in their summary judgment motion. *See, e.g.*, *Marlow LLC v. BellSouth Telecomms., Inc.*, No. 2:10cv135-KS-MTP, 2013 WL 125900, at *3 (S.D. Miss. Jan. 9, 2013).

Nevertheless, Lemoyne also states that it intends to offer evidence of damages through the testimony of its corporate representative, Richard Egan, although it does not identify the specifics of this testimony.[2] However, the Court

---

[2] Lemoyne is not offering expert testimony on its damages, and, thus, Defendants' request to exclude expert testimony on damages is moot.

believes it would be difficult if not impossible for *any* witness to opine as to damages such as the type requested in this action – including alleged lost profits and lost opportunities – without supporting documents or other evidentiary material. Therefore, to the extent Egan or any other witness intends to testify to damages amounts based on evidence not produced, the Court must consider whether such testimony should be excluded. In doing so, the Court examines four factors: (1) "[Lemoyne's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [Defendants] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc.*, 565 F.3d at 280.

**Factor One**: Lemoyne has offered no explanation for its failure to provide a damages calculation for any of its broad categories of damages, except its initial disclosure of an attorney's fee amount. Lemoyne's counsel should have been well aware of his obligations, as he was recently involved in a case in which this precise issue arose. *See Acuity Brands Lighting, Inc. v. Bickley*, No. 5:13-CV-366-DLB-REW, 2015 WL 10551946, at *4 (E.D. Ky. Nov. 30, 2015) ("the plaintiffs' disclosure of the various classes of damages sought is not sufficient to satisfy their initial disclosure requirement"), *rep. and rec. adopted*, 2016 WL 1171541, at *3 (E.D. Ky. Mar. 24, 2016) (excluding evidence of lost profit damages). This factor weighs in favor of exclusion.

**Factor Two**: While Lemoyne makes a conclusory statement that the testimony of Egan is important, it is tactfully vague as to what his testimony will even be. Clearly, evidence of damages is important, but, as discussed above, the

Court is not excluding any documentary evidence supporting damages and will not prohibit Egan from testifying based on those documents. *See CQ, Inc.*, 565 F.3d at 280 ("While the evidence is clearly important to [the plaintiff], it is not essential to [the plaintiff]'s underlying recovery."). This is not a case in which the exclusion of the evidence constitutes a dismissal of the plaintiff's claims. *See id.* at n.7. Therefore, at most, this factor is neutral.

**Factor Three**: Lemoyne argues that there is no prejudice because Defendants could have asked Egan about damages during his deposition. The onus was on Lemoyne under Rule 26, not on Defendants, to provide a specific damages calculation well before the deposition. Even so, as already discussed, the Court is not holding that a witness cannot testify at all regarding damages, but only that a witness may not testify to damages based on documents or evidence not produced. Instead, the Court finds that permitting *new* evidence at this advanced stage of litigation would not be harmless. *See CQ, Inc.*, 565 F.3d at 280. The Court is not persuaded that this factor weighs in Lemoyne's favor.

**Factor Four**: The Court acknowledges recent Fifth Circuit law pertaining to re-opening discovery, as opposed to excluding evidence, as a means to cure prejudice. *See In re Compl. Of C.F. Bean L.L.C.*, 841 F.3d 365 (5th Cir. 2016). However, this case has been pending since 2014 and is the oldest case on the Court's upcoming trial docket. Additionally, in *C.F. Bean* – unlike here – the party had a reasonable explanation for failing to disclose the excluded evidence prior to

the deadline for doing so. This factor, too, weighs in favor of exclusion. *See, e.g.*, *CQ, Inc.*, 565 F.3d at 279.

Accordingly, the Court is of the opinion that allowing witness testimony or other evidence with respect to damages computations based on undisclosed documents/evidence would be neither substantially justified nor harmless, and, thus, will exclude such evidence from trial. Witnesses, including Egan, are precluded from testifying to any damages amount(s) based on documents or other evidence not previously disclosed. *See CQ, Inc.*, 565 F.3d at 279-80 (affirming district court's exclusion of damages calculations not previously disclosed and limiting the damages evidence to the amount of damages indicated in the documentary evidence produced); *see also, e.g., Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1222 (11th Cir. 2010) ("Because calculating the goodwill of a business and the harm to that goodwill that flows from a particular lawsuit will often involve complex financial calculations, the district court did not abuse its discretion in finding that [plaintiff]'s failure to provide a damage calculation was not harmless.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [568] Motion *In Limine* is **GRANTED**, as discussed herein.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE