IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CAUSE NO. 1:14CV224-LG-JCG |
| DAWN PROPERTIES, INC.; SOUTHERN CROSS CONSTRUCTION COMPANY, INC.; RIDGELAND CONSTRUCTION ONE, LLC; THE BEACH CLUB, LLC; THE BEACH CLUB II, LLC; THE BELMONT OF LAMAR, LLC; GRAND BISCAYNE APTS., LLC; SEAINN, LLC | DEFENDANTS |
| AND | |
| SUMMER MISS, LLC; 14510 LEMOYNE BOULEVARD, LLC; LEXINGTON MILL MISSISSIPPI OWNER, LLC; INN BY THE SEA HOME OWNERS ASSOCIATION, INC. | RULE 19 DEFENDANTS |
| 14510 LEMOYNE BOULEVARD, LLC | CROSSCLAIM PLAINTIFF |
| v. | |
| GRAND BISCAYNE APTS., LLC | CROSSCLAIM DEFENDANT |
| AND | |
| IKE THRASH | DEFENDANT TO CROSSCLAIM |

**ORDER ON MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY ON DEFENDANT'S ALLEGED FHA VIOLATIONS BY LAY WITNESSES**

BEFORE THE COURT is the [567] Motion *In Limine* To Exclude Expert Testimony On Defendants' Alleged FHA Violations By Lay Witnesses filed by Crossclaim Defendants Grand Biscayne Apts., LLC, and Ike Thrash (sometimes

collectively referred to as "Defendants"). Having considered the Motion, the Response of the Crossclaim Plaintiff 14510 Lemoyne Boulevard, LLC, and the applicable law, the Court is of the opinion that the Motion should be denied.

Lemoyne has represented that it "does not intend to present expert testimony via lay witnesses." (Lemoyne Resp. 4, ECF No. 573). Therefore, to the extent Defendants' Motion seeks exclusion of lay witnesses, it is denied as moot.[1] Additionally, for the reasons discussed below, the Court will allow the testimony of expert witnesses that were previously identified in this action, albeit not by Lemoyne.

Federal Rule of Civil Procedure 26(a) states in pertinent part that a party "must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Under Rule 26(e), a party has a continuing obligation to supplement its disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."

Rule 37 provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply

---

[1] Lemoyne states that it "may rely upon lay witnesses to establish the facts underlying the alleged FHA violations (e.g., that there was no sidewalk or that doors were of a certain width)." (Lemoyne Resp. 4, ECF No. 573). To the extent Defendants believes that such testimony encroaches into expert witness territory under Federal Rule of Evidence 702, they may make an contemporaneous objection at trial.

evidence . . . at trial, unless the failure to was substantially justified or is harmless."  Under this Rule, Defendants request that the Court exclude "any expert testimony at trial regarding alleged FHA violations because Lemoyne failed to designate any experts . . . ."  (Mot. 2, ECF No. 567).

In determining whether a violation of Rule 26 was harmless, the Court examines four factors: (1) "[Lemoyne's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [Defendants] in allowing the evidence, and (4) the availability of a continuance." *See CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).  Lemoyne does not deny that it did not designate its own expert witness in this action.  However, it states that it "intends to introduce expert testimony from Ms. Gina Hillberry, AIA, who was initially retained by the United States in this matter, and Mr. Larry Fleming, who was retained by Defendants, regarding the FHA violations detailed in their respective reports." (Lemoyne Resp. 4, ECF No. 573).  Both experts provided opinions regarding the Grand Biscayne property at issue, and their reports were circulated among the parties.  Furthermore, both experts were deposed in this action.

The Court is of the opinion that these experts and their reports were otherwise "made known . . . during the discovery process . . . ." *See* Fed. R. Civ. P. 26(e).  In any event, analyzing the factors above, the Court finds that any failure by Lemoyne to specifically designate these experts is harmless. *See, e.g.*, *Pearson v. Al-Maha Enters. Co.*, No. 1:10-CV-2799-CAP, 2012 WL 12872906, at *3 (N.D. Ga. Dec.

11, 2012) (concluding that a defendant "should not be precluded from using the testimony of experts previously identified by other parties despite its failure to cross-identify these experts"); *see also generally In re Compl. Of C.F. Bean L.L.C.*, 841 F.3d 365 (5th Cir. 2016) (discussing potential exclusion of expert testimony).[2]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [567] Motion *In Limine* is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[2] This opinion does not change the Court's previous analysis that the question of whether the *Government* could prove that Grand Biscayne and Thrash are liable pursuant to the FHA is moot. Rather, the Court is simply holding that Lemoyne may call as experts witnesses those witnesses that were previously disclosed in this action in its effort to now meet its own burden to prove FHA liability.